ORIGINAL

FILED

08/16/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0397

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0397

BRYAN NEIL ARVIDSON

Petitioner,

v.

CPT. BRADLEY BRAGG,

Respondent.

FILED

AUG 1 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Bryan Neil Arvidson has petitioned for a writ of mandate. Arvidson asserts that he was placed in "Lock Down" pending a dsiciplinary hearing, while housed in the Lewis and Clark County Detention Center (LCCDC). Arvidson argues that instead of being held for twenty-two hours per the LCCDC's policy, with a two-hour leave time, he was held for ninety-six hours in lock down because of "stacking." Arvidson contends that these lock downs were clear violations of LCCDC's own policy as well as violations of his rights, such as the Eighth Amendment's right to be free from clear and unusual punishment. Arvidson requests a "[reprimand] from this court and a mandate & any other [relief] this court sees fit."

A writ of mandamus, also known as mandate, is specific and statutorily driven. To state a claim for mandamus, a party must show entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834.

Arvidson has not demonstrated entitlement to the performance of a clear legal duty by the LCCDC. Attached to Arvidson's petition are copies of two minor infraction reports from the LCCDC. At two different times on July 22, 2022, Arvidson was using the intercom inappropriately, using profane language, exhibiting insolence toward a staff

member, and using abusive and disrespectful language toward other people. As sanctions for these violations, Arvidson received two, forty-eight-hour lockdowns, to run consecutively.

"[I]nmates have a right to access the courts for judicial review of their conditions of confinement." *Vaughn v. Mont. State Prison*, No. OP 09-0549, 2010 Mont. LEXIS 14, at *5 (Jan. 5, 2010) (citing *State v. Lance*, 222 Mont, 92, 106, 721 P.2d 1258, 1267 (1986)). However, this Court has "consistently held that prison administrators are afforded wide ranging deference in implementing polices to preserve internal order and discipline." *Vaughn* at *6 (citing *Jellison v. Mahoney*, 1999 MT 217, P 12, 295 Mont. 540, 986 P.2d 1089). Arvidson has not demonstrated that LCCDC has exceeded that deference by imposing the lockdowns due to his inappropriate behavior while in custody.

Arvidson is not entitled to a writ of mandate or other relief. Arvidson has not demonstrated that he is entitled to the performance of a clear legal duty. Section 27-26-102, MCA; *Smith*, ¶ 28. Accordingly,

IT IS ORDERED that Arvidson's Petition for Writ of Mandate is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record; to Captain Bragg, LCCDC; and to Bryan Neil Arvidson personally.

DATED this 16 day of August, 2022.

_____
Chief Justice

_____

_____

Justices